Ana Inés Durán-Gallardo, represented by her mother, Carmen Gallardo, Plaintiff and Appellant, *v.* Juan Coll y Soler et al., Defendants and Appellees.

No. 3319. Argued February 12, 1926.—Decided March 2, 1926.

*José E. Benedicto* and *Pedro Albizú Campos* for the appellant. *Angel Fiol Negrón* and *Rafael Martínez Nadal* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

After the appeal was taken in this case the lower court ordered the stenographer on December 18, 1923, to prepare a transcript of the evidence for the appeal within twenty days to expire on January 7, 1924. Seven days after the expiration of that period, or on January 14, 1924, the stenographer asked that the prior period be extended and on the following day the court granted him an extension of thirty days to expire on February 15th. On April 3, 1924, the stenographer requested a new extension of ninety days, but there is no record of its having been granted by the court. On June 14, 1924, the stenographer presented the transcript of the evidence. The appellees moved the lower court to strike out that transcript because it was filed outside of the statutory period, but that motion was not ruled on and the transcript was approved by the said court on June 23, 1925.

On these facts the appellees move this court to strike the transcript from the record on appeal because the district court exceeded its jurisdiction in approving it; and although prior to this date, or on April 8, 1924, the same facts were

set up in a motion to dismiss, the motion was not based on them, but on the fact that the time allowed the stenographer for presenting the transcript had expired, which motion we overruled on June 13, 1924, on the sole ground that the fact that there was no statement of the case is not alone sufficient for dismissing the appeal, inasmuch as a copy of the judgment roll might be filed and the appeal considered thereon.

██ The appellees are right, for after the expiration on January 7, 1924, of the period of twenty days granted the stenographer for preparing and presenting the transcript of the evidence, without his having requested an extension within that time, the district court had no jurisdiction to extend on January 15th a period which had already expired, as held in the case of *Claudio* v. *Ortiz*, 29 P.R.R. 404, and others therein cited. The extension requested by the stenographer on April 3, 1924, does not appear to have been granted by the court, but even if it had been granted, it would be as void as the prior extension for the same reason.

██ For the foregoing reason the transcript of the evidence should be stricken from the record, but since the appellant admitted in this court that his appeal would be groundless without the transcript, we shall dismiss the appeal.